IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
MAR 25 PM 2: 34

Robert R. Di Trolio
CLERK U.S. DIST. CT.
W.D. OF TN. MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL No. 03-20104 MlV |
| ) | |
| v. ) | 18 U.S.C. § 1546 |
| ) | 18 U.S.C. § 1001 |
| OMAR ABDI JAMAL ) | 18 U.S.C. § 2 |
| a/k/a JAMAL ABDI OMAR ) | |
| ) | |
| Defendant. ) | |

# INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1

Between on or about April 1, 1998, and on or about April 3, 1998, in the Western District of Tennessee, the defendant,

----------------------------------OMAR ABDI JAMAL----------------------------------
--------------------------------AKA JAMAL ABDI OMAR-------------------------------

did knowingly subscribe as true, as permitted under penalty of perjury under 28 U.S.C. 1746, a false statement with respect to a material fact in an application and other document required by the immigration laws and regulations prescribed thereunder, and did knowingly present such application and other document which then contained a false statement, that is, in an An Application for Asylum and for Withholding of Deportation, **Omar Abdi Jamal a/k/a/ Jamal Abdi Omar** answered "No" to the question "[d]o you or your spouse or child(ren) now hold, or have you ever held, permanent residence, or other permanent status or citizenship, in any country other than the one from which you are now



claiming asylum; in violation of Title 18, United States Code, Section 1546(a).

## COUNT 2

Between on or about April 1, 1998, and on or about April 3, 1998, in the Western District of Tennessee, the defendant,

----------------------------------OMAR ABDI JAMAL----------------------------------
-------------------------------AKA JAMAL ABDI OMAR-------------------------------

did knowingly subscribe as true, as permitted under penalty of perjury under 28 U.S.C. 1746, a false statement with respect to a material fact in an application and other document required by the immigration laws and regulations prescribed thereunder, and did knowingly present such application and other document which then contained a false statement, that is, in an An Application for Asylum and for Withholding of Deportation, **Omar Abdi Jamal a/k/a/ Jamal Abdi Omar** answered "No" to the question "[h]ave you or your spouse or children ever filed for, been processed for, or been granted or denied refugee status or asylum by any other country?. If YES, your answer should include an explanation of the decision and what happened to any status conveyed as a result," which said statement the defendant then and there knew was false, in that, the defendant had previously filed for, been processed for, and been granted refugee status and asylum by another country; in violation of Title 18, United States Code, Section 1546(a).

## COUNT 3

Between on or about April 1, 1998, and on or about April 3, 1998, in the Western District of Tennessee, the defendant,

----------------------------------OMAR ABDI JAMAL----------------------------------
----------------------------------AKA JAMAL ABDI OMAR----------------------------------

did knowingly subscribe as true, as permitted under penalty of perjury under 28 U.S.C. 1746, a false statement with respect to a material fact in an application and other document required by the immigration laws and regulations prescribed thereunder, and did knowingly present such application and other document which then contained a false statement, that is, in an An Application for Asylum and for Withholding of Deportation, **Omar Abdi Jamal a/k/a/ Jamal Abdi Omar** answered "No" to the question "[a]fter leaving the country from which you are claiming asylum, did you or your spouse or child(ren), who are now in the U.S., travel through or reside in any other country before entering the U.S.? If YES, your answer should, by person, identify each country, the length of stay, status while there, the reasons for leaving, whether the person is entitled to return for residence purposes and, if the person did not apply for refugee status or for asylum while there, why he or she did not do so"; in violation of Title 18, United States Code, Section 1546(a).

## COUNT 4

On or about June 11,1998, in the Western District of Tennessee, the defendant

----------------------------------OMAR ABDI JAMAL----------------------------------
----------------------------------AKA JAMAL ABDI OMAR----------------------------------

in a matter within the jurisdiction of the Immigration and Naturalization Service, a department of the United States, did knowingly and willfully, make and cause to be made a false, fictitious, and fraudulent statement and representation as to a material fact, and did make and cause to be made a false document, knowing the same to contain a materially false, fictitious, and fraudulent statement, in that, **OMAR ABDI JAMAL AKA JAMAL ABDI OMAR**, in an Application for Asylum and for Withholding of Deportation, did state and represent, and caused to be stated and represented, that he had never held, permanent residence, or other permanent status or citizenship, in any other country other than the one from which he was then claiming asylum, when in truth and fact, as **OMAR ABDI JAMAL AKA JAMAL ABDI OMAR** then well knew, he had held permanent residence, other permanent status, or citizenship in a country other than the one from which he was then claiming asylum; in violation of Title 18, United States Code, Section 1001.

## COUNT 5

On or about June 11,1998, in the Western District of Tennessee, the defendant

---------------------------------OMAR ABDI JAMAL-------------------------------------
-----------------------------AKA JAMAL ABDI OMAR----------------------------------

in a matter within the jurisdiction of the Immigration and Naturalization Service, a department of the United States, did knowingly and willfully, make and cause to be made a false, fictitious, and fraudulent statement and representation as to a material fact, and

did make and cause to be made a false document, knowing the same to contain a materially false, fictitious, and fraudulent statement, in that, **OMAR ABDI JAMAL AKA JAMAL ABDI OMAR**, in an Application for Asylum and for Withholding of Deportation, did state and represent and caused to be stated and represented that he had never filed for, been processed for, or been granted or denied refugee status or asylum by any other country, when in truth and fact, as **OMAR ABDI JAMAL AKA JAMAL ABDI OMAR** then well knew, he had filed for, been processed for, and been granted refugee status or asylum by another country; in violation of Title 18, United States Code, Section 1001.

## COUNT 6

On or about June 11, 1998, in the Western District of Tennessee, the defendant

---------------------------------OMAR ABDI JAMAL----------------------------------
-----------------------------AKA JAMAL ABDI OMAR---------------------------------

in a matter within the jurisdiction of the Immigration and Naturalization Service, a department of the United States, did knowingly and willfully, make and cause to be made a false, fictitious, and fraudulent statement and representation as to a material fact, and did make and cause to be made a false document, knowing the same to contain a materially false, fictitious, and fraudulent statement, in that, **OMAR ABDI JAMAL AKA JAMAL ABDI OMAR**, in an Application for Asylum and for Withholding of Deportation, did state and represent, and caused to be stated and represented, that after leaving the country for which he was then claiming asylum, he, his spouse or child(ren) who were then

in the U.S., did not travel through or reside in any other country, when in truth and fact, as **OMAR ABDI JAMAL AKA JAMAL ABDI OMAR,** then well knew, he had traveled through and resided in another country before entering the U.S.; in violation of Title 18, United States Code, Section 1001.

A TRUE BILL:

s/Grand Jury Foreperson

FOREPERSON

DATED: 3-25-03

UNITED STATES ATTORNEY