IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              No. 03-20104 B

OMAR ABDI JAMAL,

    Defendant.

---

ORDER DENYING DEFENDANT'S POST-TRIAL MOTION TO DISMISS
COUNTS 1 THROUGH 3 OF THE INDICTMENT

---

On March 25, 2003, a six-count indictment was entered against the Defendant, Omar Abdi Jamal, charging him with making false statements on immigration documents in violation of 18 U.S.C. §§ 1001 and 1546(a). Counts 1 through 3 of the indictment alleged violations of § 1546(a), which imposes criminal penalties upon an individual who

> knowingly makes under oath, . . . knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact . . .

In an order entered May 26, 2004, this Court denied the motion of the Defendant to dismiss Counts 1 through 3 for improper venue, finding that the Government had met its burden in establishing that venue was proper in this district.

On January 7, 2005, the jury empaneled in this matter rendered a verdict of guilty on Counts 1 through 5.[1] Before the Court is the post-trial motion of the Defendant to dismiss Counts 1 through

---

[1] Count 6 was dismissed prior to trial.

3 of the indictment, in which Jamal again argues that venue was improper. Specifically, the Defendant maintains that "the record is devoid of evidence regarding the situs of the completion or transmission of the Application in Question." (Mot. to Dismiss the Indictment as a Matter of Law Pursuant to Rule 29 at 1.)

As the Court noted in its previous order, Rule 18 of the Federal Rules of Criminal Procedure provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. In addition, the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. In the Sixth Circuit,

> [t]he locus delecti of the crime charged must be determined from the nature of the crime alleged and the location of the act or acts constituting it. In determining the "locus delecti" of a crime, the Supreme Court directs us to initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts. Venue is therefore appropriate only in the district where the conduct comprising the essential elements of the offense occurred.

United States v. Wood, 364 F.3d 704, 710 (6th Cir. 2004) (internal citations and quotation marks omitted). In order to show a violation of § 1546, the government must prove that "(1) the defendant made a false statement under penalty of perjury with respect to a material fact; (2) the statement was made in an application, affidavit, or other document required by the immigration laws or regulations; and (3) the defendant made the statement knowing that it was false." United States v. Kone, 307 F.3d 430, 434 (6th Cir. 2002).

The evidence adduced at trial demonstrated that Jamal lived in Memphis, Tennessee during 1997 and 1998; he enrolled at the University of Memphis during that period; the asylum application

2

a

listed his mailing address as Memphis; he completed his asylum application while living in Memphis; the asylum interview notice was mailed to the Defendant's Memphis address; and the asylum interview occurred there. Accordingly, the Government established at trial that the elements of the offense charged occurred in this district.

The Defendant also argues for the first time that the indictment fails to set forth a cognizable offense. His request, however, comes too late. While the motion is captioned as one brought under Rule 29 of the Federal Rules of Criminal Procedure, which may be filed post-trial, the time for filing a request to dismiss the indictment based on a defect is governed by Fed. R. Crim. P. 12. Specifically, Rule 12(b)(3) provides that certain motions, including those "alleging a defect in the indictment," must be filed prior to trial. Subsection (e) of the Rule states that "[a] party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c)" for pretrial motions. Fed. R. Crim. P. 12(e); see also United States v. Brimite, No. 03-1840, 2004 WL 1532207, at *2 (6th Cir. June 24, 2004); United States v. Rodriguez-Marrero, 390 F.3d 1, 11-12 (1st Cir. 2004), cert. denied, ___ U.S. ___, 125 S.Ct. 1620, 161 L.Ed.2d 292, 72 U.S.L.W. 3530 (U.S. Mar. 7, 2005) (No. 04-8523); United States v. Porter, No. 96-5677, 1997 WL 428959, at *4 (6th Cir. July 29, 1997). Although the Court may grant relief from the waiver upon a showing of good cause, the Court finds no basis for doing so here. See Fed. R. Crim. P. 12(e).

For the reasons set forth herein, the motion is DENIED.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 138 in case 2:03-CR-20104 was distributed by fax, mail, or direct printing on May 27, 2005 to the parties listed.

---

C. Peter Erlinder
WM MITCHELL COLLEGE OF LAW
875 Summit Ave.
St. Paul, MN 55105

Linda N. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT